**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**

**JAMIE LEE JACKSON** **PLAINTIFF**

**v.** **Case No. 4:15-cv–047-KGB**

**CAROLYN W. COLVIN,**
**ACTING COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION** **DEFENDANT**

**ORDER**

After reviewing the Recommended Disposition submitted by United States Magistrate Judge Jerome Kearney (Dkt. No. 12) and the timely objections filed by plaintiff Jamie Lee Jackson (Dkt. No. 13), and after conducting a *de novo* review of the record, the Court adopts the Recommended Disposition and denies Ms. Jackson's request for relief (Dkt. No. 2).

The Court writes separately to address Ms. Jackson's objections to the Recommended Disposition. First, Ms. Jackson claims the Appeals Council committed reversible error by failing to consider newly submitted evidence from her urologist because that evidence was not temporally relevant. She maintains that the decision by the Administrative Law Judge ("ALJ") is not supported by substantial evidence, as indicated by the newly submitted evidence she provided to the Appeals Council. The Appeals Council's decision states that Ms. Jackson's newly submitted evidence was "looked at" but that the information "is about a later time" and "does not affect the decision about whether you were disabled beginning on or before June 27, 2014" (Dkt. No. 2, at 5).

Under the regulations, the Appeals Council must evaluate the entire record, including any new and material evidence submitted to it after the ALJ's decision. *Perks v. Astrue*, 687 F.3d 1086, 1093 (8th Cir. 2012) (citing 20 C.F.R. § 404.970(b)). The Appeals Council shall consider newly submitted evidence only where it relates to the period on or before the date of the ALJ hearing

decision. *Id*. It will then review the case if it finds that the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. *Id*. Because the Appeals Council denied review, finding that the newly submitted evidence did not provide a basis for changing the ALJ's decision, this Court does not review the Appeals Council's decision to deny review; rather, this Court determines if the record as a whole, including evidence that is new and material, supports the ALJ's determination. *Id*. (citing *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir.2000)). "To be 'new,' evidence must be more than merely cumulative of other evidence in the record." *Lamp v. Astrue*, 531 F.3d 629, 633 (8th Cir. 2008) (citing *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir.2000)). Evidence is material if it is "relevant to claimant's condition for the time period for which benefits were denied." *Id*.

Here, the Appeals Council determined that Ms. Jackson's newly submitted evidence related to a time period after the ALJ's hearing decision. That is, the two documents—an opinion from Dr. Kuhn dated July 17, 2014, and medical records from the University of Arkansas for Medical Sciences dated August 5, 2014—did not affect the ALJ's hearing decision on Ms. Jackson's disability beginning on or before June 27, 2014. Ms. Jackson contends the Appeals Council's conclusion is erroneous because one of the documents, Dr. Kuhn's letter, states that the limitations in his opinion relate back to March 22, 2013, well within the time period considered by the ALJ. The Appeals Council referenced the newly submitted evidence from Ms. Jackson and included those documents on an exhibit list detailing received additional evidence.

If the Appeals Council fails to consider qualifying newly submitted evidence, the case should be remanded for further proceedings. *Martinez v. Astrue*, 389 F. App'x 866, 868–69 (10th Cir. 2010). If, as happened here, the Appeals Council explicitly states that it considered the newly

submitted evidence, there is no error, even if the order denying review includes no further discussion.

When new and material evidence is submitted to the Appeals Council, the regulations require only that the Appeals Council evaluate the entire record with such evidence and review the case if the ALJ's action, findings, or conclusion is contrary to the weight of the evidence currently of record. 20 C.F.R. §§ 404.970(b), 416.1470(b). There is no requirement that the Appeals Council document its findings from its evaluation of newly submitted evidence in cases in which it determines not to review the ALJ's decision. In the instant case, upon consideration of the newly submitted evidence, the Appeals Council determined not to review the ALJ's decision. The Appeals Council's stated reasons for denying review make clear its consideration of the urologist's statement. After reviewing the record *de novo*, this Court agrees with the Magistrate Judge that the Commissioner's decision is supported by substantial evidence on the record as a whole, including the urologist's statement, and that the Appeals Council did not commit reversible error.

Next, Ms. Jackson claims the ALJ failed to consider the effects of fibromyalgia in determining her ability to work. Here, the ALJ determined that she established no disabling symptoms flowing from fibromyalgia. Rather, the record reflects Ms. Jackson improved with treatment.[1] To the extent she experiences fibromyalgia-like symptoms, the ALJ considered those symptoms.[2]

---

[1] SSA record at p. 683 (Jan. 8, 2013, reporting to rheumatologist that pain is tolerable with current medications); p. 712 (Mar. 11, 2013, reporting that she saw rheumatologist for fibromyalgia but taking no medication), p. 732 (May 7, 2013, telling rheumatologist that she was doing well; she reported left hip pain but described it as tolerable), p. 849 (Oct. 7, 2013, she complained about left hip pain, hand and wrist pain, but said it was tolerable most days), and p. 846 (Apr. 7, 2014, reporting that her pain is mostly in left hip; overall fair symptom control).

[2] SSA record at p. 24 (including "myalgias" amongst severe impairments, although myalgia is a symptom, not an impairment).

Finally, Ms. Jackson contends that the Magistrate Judge failed to address the rheumatologist's medical statements, but she did not specifically identify the statements as a point of error for consideration. Despite the lack of specificity, the Magistrate Judge stated that Ms. Jackson's reports "contradict the claim of disabling pain and undermine the rheumatologist's medical questionnaires." (Dkt. No. 12, at 7–8). After reviewing the record *de novo*, the Court agrees with the ALJ that the rheumatologist's statements are inconsistent and unsupported by treatment notes.[3] The record provides no basis for giving the statements more weight.

A reasonable mind will accept the evidence as adequate to support the decision. The ALJ made no legal error. For those reasons, the Court will adopt the Magistrate Judge's Recommended Disposition and enter judgment affirming the decision of Carolyn W. Colvin, Acting Commissioner of the Social Security Administration.

So ordered this 2nd day of March, 2016.

Kristine G. Baker
United States District Judge

[3]SSA record at pp. 26-27.